E. MARTIN ESTRADA
United States Attorney
DAVID T. RYAN
Assistant United States Attorney
Chief, National Security Division
KHALDOUN SHOBAKI (Cal. Bar No. 232864)
Assistant United States Attorney
Chief, Cyber & I.P. Crimes Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0759
     Facsimile: (213) 894-2927
     E-mail:   khaldoun.shobaki@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:22-CR-598-JAK |
|---|---|
| Plaintiff, | PLEA AGREEMENT FOR DEFENDANT KYA CHRISTIAN NELSON |
| v. | |
| KYA CHRISTIAN NELSON, aka "Chumlul," | |
| Defendant. | |

1.   This constitutes the plea agreement between Kya Christian Nelson ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case.  This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

### RULE 11(c)(1)(C) AGREEMENT

2.   Defendant understands that this agreement is entered into pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). Accordingly, defendant understands that, if the Court determines that

it will not accept this agreement, absent a breach of this agreement by defendant prior to that determination and whether or not defendant elects to withdraw any guilty pleas entered pursuant to this agreement, this agreement will, with the exception of paragraph 21 below, be rendered null and void and both defendant and the USAO will be relieved of their obligations under this agreement.  Defendant agrees, however, that if defendant breaches this agreement prior to the Court's determination whether or not to accept this agreement, the breach provisions of this agreement, paragraphs 24 and 25 below, will control, with the result that defendant will not be able to withdraw any guilty pleas entered pursuant to this agreement, the USAO will be relieved of all of its obligations under this agreement, and the Court's failure to follow any recommendation or request regarding sentence set forth in this agreement will not provide a basis for defendant to withdraw defendant's guilty pleas.

<u>DEFENDANT'S OBLIGATIONS</u>

3.   Defendant agrees to:

a.   At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to counts 1, 2, and 4 of the indictment in <u>United States v. Nelson et al.</u>, 2:22-CR-598-JAK, which charge defendant with Conspiracy in violation of 18 U.S.C. § 371 (count 1) and Unauthorized Access to a Protected Computer to Obtain Information, in violation of 18 U.S.C. § 1030(a)(2)(C), (c)(2)(B)(ii) (counts 2 and 4).

b.   Not contest facts agreed to in this agreement.

c.   Abide by all agreements regarding sentencing contained in this agreement and affirmatively recommend to the Court that it impose sentence in accordance with paragraph 15 of this agreement.

        d.    Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

        e.    Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

        f.    Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

        g.    Pay the applicable special assessments at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

        h.    Agree to and not oppose the imposition of the following conditions of probation or supervised release:

            i.    Defendant shall possess and use only those digital devices, screen usernames, email accounts, social media accounts, messaging applications, and cloud storage accounts, as well as any passwords or passcodes for all such digital devices and accounts, that have been disclosed to the Probation Officer upon commencement of supervision.  Any new devices, accounts, applications, passwords, or passcodes are to be disclosed to the Probation Officer prior to the first use.  A digital device is any electronic system or device that can access, view, obtain, store, or transmit digital data related to email accounts, financial accounts, and social media accounts.

            ii.   All computers, computer-related devices, and their peripheral equipment, used by defendant shall be subject to search, seizure, and computer monitoring.  This shall not apply to

items used at the employment site that are maintained and monitored by the employer.

    iii. Defendant shall comply with the rules and regulations of the Computer Monitoring Program.  Defendant shall pay the cost of the Computer Monitoring Program unless defendant demonstrates an inability to pay, as determined by the Probation Officer.

    iv.  Defendant shall submit defendant's person, property, house, residence, vehicle, papers, computers, cell phones, other electronic communications or data storage devices or media, email accounts, social media accounts, cloud storage accounts, or other areas under the defendant's control, to a search conducted by a United States Probation Officer or law enforcement officer.  Failure to submit to a search may be grounds for revocation.  The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition.  Any search pursuant to this condition will be conducted at a reasonable time and in a reasonable manner upon reasonable suspicion that the defendant has violated a condition of his supervision and that the areas to be searched contain evidence of this violation.

<u>THE USAO'S OBLIGATIONS</u>

4. The USAO agrees to:

 a. Not contest facts agreed to in this agreement.

 b. Abide by all agreements regarding sentencing contained in this agreement and affirmatively recommend to the Court that it impose sentence in accordance with paragraph 15 of this agreement.

 c. At the time of sentencing, move to dismiss the remaining counts of the indictment as against defendant.  Defendant

agrees, however, that at the time of sentencing the Court may consider any dismissed charges in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed.

## NATURE OF THE OFFENSES

5. Defendant understands that for defendant to be guilty of the crime charged in count 1, that is, conspiracy, in violation of 18 U.S.C. § 371, the following must be true:  First, between no later than November 7, 2020, and continuing through at least November 13, 2020, there was an agreement between two or more persons to commit violations of 18 U.S.C. § 1030(a)(2)(C).  Second, defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it.  Third, one of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy.

6. Defendant understands that for defendant to be guilty of the crime charged in counts 2 and 4, that is, Unauthorized Access to a Protected Computer to Obtain Information, in violation of 18 U.S.C. § 1030(a)(2)(C), (c)(2)(B)(ii), the following must be true:  First, defendant intentionally accessed or attempted to access, without authorization, a computer.  Second, by accessing or attempting to access without authorization a computer, defendant obtained information from a protected computer that was used in or affected interstate or foreign commerce or communication.  Third, the offense was committed in furtherance of any criminal or tortious act in violation of the Constitution or laws of the United States or any State.

PENALTIES

7.   Defendant understands that the statutory maximum sentence that the Court can impose for a violation of 18 U.S.C. § 371, as charged in count 1 is: 5 years imprisonment; a 3-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

8.   Defendant understands that the statutory maximum sentence that the Court can impose for each violation of 18 U.S.C. § 1030(a)(2)(C), (c)(2)(B)(ii), as charged in counts 2 and 4 of the indictment, is: 5 years imprisonment; a 3-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

9.   Defendant understands, therefore, that the total maximum sentence for all offenses to which defendant is pleading guilty is: 15 years imprisonment; a 3-year period of supervised release; a fine of $750,000 or twice the gross gain or gross loss resulting from the offenses, whichever is greatest; and a mandatory special assessment of $300.

10.   Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could

result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

11. Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition. Defendant understands that the convictions in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty pleas.

12. Defendant understands that, if defendant is not a United States citizen, the felony convictions in this case may subject defendant to: removal, also known as deportation, which may, under some circumstances, be mandatory; denial of citizenship; and denial of admission to the United States in the future. The Court cannot, and defendant's attorney also may not be able to, advise defendant fully regarding the immigration consequences of the felony convictions in this case. Defendant understands that unexpected immigration consequences will not serve as grounds to withdraw defendant's guilty pleas.

<u>FACTUAL BASIS</u>

13. Defendant admits that defendant is, in fact, guilty of the offenses to which defendant is agreeing to plead guilty. Defendant

and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support pleas of guilty to the charges described in this agreement but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

Beginning no later than November 7, 2020 and continuing through at least November 13, 2020, defendant and others conspired to intentionally access computers without authorization in order to "swat" victims in the Central District of California and around the United States. Defendant and his coconspirators took the following actions with respect to numerous victims:

First, they acquired, without authorization, usernames and passwords for victims' Yahoo! email accounts.

Second, they identified those Yahoo! email accounts that were also associated with a Ring account.

Third, they accessed, without authorization, the Yahoo! and Ring accounts of the victims to identify them.

Fourth, they gathered information about the victims, then placed false emergency reports to local law enforcement in the areas where the victims lived. These reports or calls were intended to elicit an emergency, armed police response to the victim's residence.

Fifth, they would access, without authorization, the victims' Ring devices and transmit audio and video data from those devices on social media during the police response.

Sixth, at times they would verbally taunt responding police officers and victims through the Ring devices during the police response.

Defendant admits his participation in the conspiracy alleged in count 1 of the indictment and the allegations contained in overt acts 1 through 47 of that count.

West Covina Swatting

On November 8, 2020, defendant possessed without authorization, the Yahoo! and Ring login credentials belonging to a real person identified in the indictment as Victim B, whose parents lived in West Covina, California. Defendant used those credentials to access Victim B's Yahoo! and Ring accounts. Ring devices registered using Victim B's credentials were installed at the home in West Covina. Defendant accessed Victim B's accounts in furtherance of a criminal violation of California Penal Code § 148.3, making a false report of an emergency.

Defendant or a coconspirator made a hoax call to the West Covina Police Department purporting to come from inside the West Covina home. The caller told the police that they were a minor child whose parents were drinking alcohol and shooting guns inside the residence. The caller claimed that her parents had multiple firearms and had fired approximately 7 shots inside the house. Based on this hoax call, West Covina Police Department officers made an emergency response to the house and cleared the residents from the home at gunpoint.

During the police response, defendant accessed the Ring doorbell camera located at the West Covina residence and used it to verbally threaten and taunt West Covina Police Department officers who responded to the reported incident.

Oxnard Swatting

On November 11, 2020, defendant possessed without authorization, the Yahoo! and Ring login credentials belonging to a real person identified in the indictment as Victim H, whose lived in Oxnard, California.  Defendant used those credentials to access Victim H's Ring account.  Defendant accessed the account in furtherance of a criminal violation of California Penal Code § 148.3, making a false report of an emergency.

Defendant or a coconspirator made a hoax call to the Oxnard Police Department purporting to come from inside the Oxnard home. The caller told the police that they were a minor child whose father was wielding a handgun inside the residence.  Defendant made a second hoax call to the Oxnard Police Department to report hearing shots fired at Victim H's residence.  Based on these hoax calls, Oxnard Police Department officers made an emergency response to the house and cleared the residents from the home at gunpoint.

Defendant accessed the Ring doorbell camera located at the Oxnard residence and used it to verbally threaten and taunt Oxnard Police Department officers who had responded to the reported incident.

During both the West Covina and the Oxnard swatting incidents, defendant intended and knew that it was likely that the hoax calls would lead to an armed law enforcement response to the homes. Therefore, defendant knew that the swatting was likely to lead to a reckless risk of death or serious bodily injury.

During both the West Covina and the Oxnard swatting incidents, defendant intended to obtain personal information, including access to the contents of email accounts, personal identifying information,

10

and video and audio captured from Ring devices in the victim's residence.

## SENTENCING FACTORS AND AGREED-UPON SENTENCE

14. Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a). Defendant understands that the Sentencing Guidelines are advisory only.

15. Defendant and the USAO agree that, taking into account the factors listed in 18 U.S.C. § 3553(a)(1)-(7), an appropriate disposition of this case is that the Court impose a sentence of: between 42 and 60 months' imprisonment; 3 years' supervised release with conditions to be fixed by the Court; no fine; and a $300 special assessment. The parties agree that defendant's sentence in this case will be served concurrently with the sentence that defendant is currently serving in Kentucky in Commonwealth v. Nelson, Case No. 21-CR-00095. The parties also agree that no prior imprisonment (other than credits that the Bureau of Prisons may allow under 18 U.S.C. § 3585(b)) may be credited against this stipulated sentence, including credit under Sentencing Guideline § 5G1.3.

## WAIVER OF CONSTITUTIONAL RIGHTS

16. Defendant understands that by pleading guilty, defendant gives up the following rights:

    a. The right to persist in a plea of not guilty.

    b. The right to a speedy and public trial by jury.

    c. The right to be represented by counsel – and if necessary have the Court appoint counsel -- at trial. Defendant

understands, however, that, defendant retains the right to be represented by counsel – and if necessary have the Court appoint counsel – at every other stage of the proceeding.

      d.   The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

      e.   The right to confront and cross-examine witnesses against defendant.

      f.   The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

      g.   The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

      h.   Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

## WAIVER OF RETURN OF DIGITAL DATA

17. Understanding that the government has in its possession digital devices and/or digital media seized from defendant, defendant waives any right to the return of digital data contained on those digital devices and/or digital media and agrees that if any of these digital devices and/or digital media are returned to defendant, the government may delete all digital data from those digital devices and/or digital media before they are returned to defendant.

## WAIVER OF APPEAL OF CONVICTION

18. Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty pleas were involuntary, by

pleading guilty defendant is waiving and giving up any right to appeal defendant's convictions on the offenses to which defendant is pleading guilty. Defendant understands that this waiver includes, but is not limited to, arguments that the statutes to which defendant is pleading guilty are unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's pleas of guilty.

<u>LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE</u>

19.  Defendant agrees that, provided the Court imposes the sentence specified in paragraph 15 above, defendant gives up the right to appeal any portion of that sentence, and the procedures and calculations used to determine and impose any portion of that sentence.

20.  The USAO agrees that, provided the Court imposes the sentence specified in paragraph 15 above, the USAO gives up its right to appeal any portion of that sentence, and the procedures and calculations used to determine and impose any portion of that sentence.

<u>RESULT OF WITHDRAWAL OF GUILTY PLEA</u>

21.  Defendant agrees that if, after entering guilty pleas pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty pleas on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this

13

agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

## RESULT OF VACATUR, REVERSAL OR SET-ASIDE

22. Defendant agrees that if any count of conviction is vacated, reversed, or set aside, the USAO may: (a) ask the Court to resentence defendant on any remaining counts of conviction, with both the USAO and defendant being released from any stipulations regarding sentencing contained in this agreement, (b) ask the Court to void the entire plea agreement and vacate defendant's guilty pleas on any remaining counts of conviction, with both the USAO and defendant being released from all their obligations under this agreement, or (c) leave defendant's remaining convictions, sentence, and plea agreement intact. Defendant agrees that the choice among these three options rests in the exclusive discretion of the USAO.

## EFFECTIVE DATE OF AGREEMENT

23. This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

## BREACH OF AGREEMENT

24. Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO

may declare this agreement breached.  All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered guilty pleas pursuant to this agreement, defendant will not be able to withdraw the guilty pleas, (b) the USAO will be relieved of all its obligations under this agreement, and (c) the Court's failure to follow any recommendation or request regarding sentence set forth in this agreement will not provide a basis for defendant to withdraw defendant's guilty pleas.

25.  Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

   a.   Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

   b.   Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

   c.   Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such

statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

## COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE NOT PARTIES

26. Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts, sentencing factors, or sentencing. Defendant understands that the Court will determine the facts, sentencing factors, and other considerations relevant to sentencing and will decide for itself whether to accept and agree to be bound by this agreement.

27. Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the sentence referenced in paragraph 15 is consistent with the facts of this case. While this paragraph permits both the USAO and defendant to submit full and complete factual

information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

## NO ADDITIONAL AGREEMENTS

28. Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

## PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

29. The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

E. MARTIN ESTRADA
United States Attorney

_____     12/18/2024
KHALDOUN SHOBAKI                     Date
Assistant United States Attorney

_____     12-17-24
KYA CHRISTIAN NELSON                 Date
Defendant

_____     12/17/24
REBECCA M. ABEL Aimee J. Carlisle    Date
Deputy Federal Public Defender
Attorney for Defendant
KYA CHRISTIAN NELSON

17

CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charges and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____        12-14-24
KYA CHRISTIAN NELSON                    Date
Defendant


CERTIFICATION OF DEFENDANT'S ATTORNEY

I am KYA CHRISTIAN NELSON's attorney. I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors

set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

_____[signature]_____      __12/17/24__
~~REBECCA M. ABEL~~ Aimee J. Carlisle     Date
Attorney for Defendant
KYA CHRISTIAN NELSON