BILAL A. ESSAYLI
United States Attorney
DAVID T. RYAN
Assistant United States Attorney
Chief, National Security Division
KHALDOUN SHOBAKI (Cal. Bar No. 232864)
Assistant United States Attorney
Chief, Cyber & I.P. Crimes Section
    1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-0759
    Facsimile: (213) 894-2927
    Email:    khaldoun.shobaki@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:22-CR-598-JAK |
|---|---|
| Plaintiff, | GOVERNMENT'S SENTENCING POSITION FOR DEFENDANT KYA CHRISTIAN NELSON |
| v. | |
| KYA CHRISTIAN NELSON, aka "ChumLul," | |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Khaldoun Shobaki, hereby files its Sentencing Position for defendant Kya Christian Nelson.

///

///

///

This sentencing position is based upon the attached memorandum of points and authorities, the Presentence Investigation Report and disclosed recommendation letter, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: April 17, 2025                Respectfully submitted,

BILAL A. ESSAYLI
United States Attorney

DAVID T. RYAN
Assistant United States Attorney
Chief, National Security Division


    /s/
KHALDOUN SHOBAKI
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

ii

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

In November 2020, Kya Christian Nelson ("defendant") and his coconspirators participated in a series of swatting incidents involving the use of Ring cameras. The conspirators gained access to Ring cameras at the victims' homes and then made false police reports to provoke an armed police response ("swatting"). Defendant and coconspirators would watch the police response through the Ring camera, sometimes taunting the victims and police, and sometimes live streaming the video on social media.

During a one-week period, defendant and coconspirators swatted at least twelve homes around the United States. In most instances, the swatting led to armed law enforcement arriving at a home and removing the residents at gunpoint. The facts of each of these incidents as alleged in the indictment were admitted by defendant as part of his plea agreement.

On January 23, 2025, defendant pleaded guilty, pursuant to a plea agreement, to conspiracy, in violation of 18 U.S.C. § 371, and to two counts of unauthorized access to a protected computer to obtain information, in violation of 18 U.S.C. § 1030(a)(2)(C), (c)(2)(B)(ii). The guilty pleas were entered pursuant to Rule 11(c)(1)(C), and the parties agreed that the Court impose a term of 42 to 60 months.

The United States Probation Office ("USPO") disclosed its Presentence Investigation Report ("PSR") and Recommendation Letter on March 28, 2025. (Dkt. Nos. 36, 37.) The USPO calculated a total offense level of 13 and determined that defendant fell within Criminal History Category III, corresponding to a Guidelines range of

18 to 24 months' imprisonment. In its disclosed recommendation letter, the USPO recommended that the Court sentence defendant to a term of 24-months' imprisonment, a three-year term of supervised release, and a mandatory special assessment of $300.

The government agrees with the USPO's calculation of defendant's total offense level and criminal history category, the term of supervised release, and the mandatory special assessment. However, the government believes that an appropriate sentence in this case requires an upward variance to 48 months, which is within the range of 42 to 60 months agreed in by the parties in the Rule 11(c)(1)(C) plea agreement.

## II.  THE BINDING PLEA AGREEMENT

The government recommends that the Court accept the Rule 11(c)(1)(C) plea agreement. Under the terms of the plea agreement, the government has agreed to dismiss two counts charging aggravated identity theft under 18 U.S.C. § 1028A(a)(1). (Dkt. 31.) Those counts would impose a 24-month mandatory consecutive sentence. Defendant is currently serving a 7-year sentence in Kentucky for making threats to a school. (PSR ¶ 61.) Any sentence for aggravated identity theft would be a mandatory consecutive sentence and would necessarily be served only <u>after</u> defendant completed his term of state custody. The effect of the Rule 11(c)(1)(C) plea agreement is to hold defendant accountable for the aggravated identity theft, but at the same time allow for his federal term of custody to run concurrently with the Kentucky sentence.

## III. THE GOVERNMENT'S SENTENCING POSITION

The 18 U.S.C. § 3553(a) factors demonstrate that a sentence of 48 months imprisonment is warranted here.

**A.     Nature of the Offense**

Swatting is extraordinarily dangerous. When called to a house during one of these incidents, police arrive believing that violent crimes have been committed at the home and that people are still in danger. As such, they generally approach with guns drawn, believing that they may need to use force. The victims in turn, are often confused and may not know how to react when police arrive. This confluence of armed law enforcement on high alert and confused victims creates a tense situation and a real risk of death or serious bodily injury. And the types of injuries suffered are not just physical. As demonstrated in the victim impact statements discussed in the PSR, these encounters with law enforcement have terrifying and have long lasting effects on some victims. (PSR ¶ 31-32.)

**B.     Deterrence & Respect for the Law**

Defendant and his coconspirators went on a digital crime spree, terrorizing innocent people around the country from behind their keyboards. While defendant was safe behind his keyboard, he subjected others to real danger. The Court should consider the relative ease of conducting these kinds of crimes, and the real harm that can be caused even at a distance in fashioning its sentence to deter others from swatting.

**C.     Defendant's History and Characteristics**

The PSR reflects defendant's uncorroborated reporting about a difficulty upbringing and family life. (PSR ¶¶ 68-78.) He also reported mental health and substance abuse issues, which if credited also weight in mitigation. However, because those reports are unsubstantiated and undocumented, the government is not able to meaningfully weigh them.

3

1  The government recommends that the Court sentence defendant to
2  48 months imprisonment to be served concurrently with his sentence in
3  Kentucky.

4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

4